PEOPLE ex rel. LANTZ v. COMMON COUNCIL OF CITY OF MT. VERNON et al.

(Supreme Court, Appellate Division, Second Department. June 3, 1904.)

1. MANDAMUS—DISMISSAL—COSTS—PARTIES.

Where, pending mandamus proceedings against the common council, comptroller, and auditing committee of a city, to compel the issuing of a warrant for the payment of a judgment against the city, the judgment was vacated, whereupon the mandamus proceeding was dismissed, it was error to award costs in favor of relator against the city, which was not a party to the proceeding.

2. SAME.

Code Civ. Proc. § 2086; providing that, where an application for mandamus is granted or denied without a previous alternative mandamus, costs not exceeding $50 and disbursements may be awarded to either party as on a motion, does not contemplate the allowance of costs to an unsuccessful party.

Appeal from Special Term, Westchester County.

Mandamus by the people, on relation of Jesse Lantz, against the common council of the city of Mt. Vernon and others. From a judgment awarding costs to relator against the city of Mt. Vernon on dismissal of the proceedings, the city appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Roger M. Sherman, for appellant.
Sydney A. Syme, for respondent.

WILLARD BARTLETT, J. The relator was the assignee of a judgment against the city of Mt. Vernon. The judgment not having been paid, he obtained an order requiring the common council of the city of Mt. Vernon, Jesse E. Holdredge, the comptroller of said city, and the auditing committee of the said common council, to show

cause why a peremptory writ of mandamus should not be granted, requiring the common council to cause a warrant to be issued to the relator for the amount of the judgment, and requiring the comptroller to draw a draft for such amount. Before this motion came on to be heard, the judgment upon which the writ of mandamus was sought had been vacated. When this fact was made known to the learned judge who presided at the Special Term before which the order to show cause was returnable, he made an order that this proceeding for a writ of mandamus be discontinued, and that the relator recover of the city of Mt. Vernon the sum of $15, as his costs and disbursements in the proceeding. It is from the latter part of this order, in reference to costs, that the city of Mt. Vernon appeals.

It is to be observed in the first place that the city of Mt. Vernon does not appear to have been a party to the mandamus proceeding. In view of this fact, I am unable to perceive how the court could have any authority to award costs against that municipal corporation. If the relator was entitled to costs against anybody, it was against the parties whose action he sought to control by the writ of mandamus for which he asked. Those parties were the common council and comptroller of the city of Mt. Vernon, and not the city in its capacity as a municipal corporation. Indeed, the city, not being in any manner a party to the record, would have no status to appeal from the order under review, except for the fact that the order, in terms, awards costs against it.

On this ground alone—that is, the fact that it was not a party against whom the order to show cause was directed—I think the city is entitled to a reversal of the order so far as the award of costs is concerned. But even if it had been a party, or if the award of costs is deemed to be an award against the common council and comptroller, who really were parties to the proceedings, I do not think that the allowance of costs can be sustained. It is true that section 2086 of the Code of Civil Procedure provides that, where an application for a writ of mandamus is granted or denied without a previous alternative mandamus, costs not exceeding $50 and disbursements may be awarded to either party as upon a motion. It does not seem to me, however, that this provision contemplates the allowance of costs to an unsuccessful party. Here the relator asked the court for a writ of mandamus to which he was not entitled at the time the motion came on to be heard, by reason of the fact that the judgment, the payment of which he thus sought to enforce, had previously been vacated and set aside. The court therefore had no option in the premises, except to make an order which should, in effect, deny the application. This was done by ordering the proceeding to be discontinued. That part of the order was a determination that the defendants were right, and, if they were right, they should not be compelled to pay costs for having successfully opposed the application.

The order, so far as appealed from, should be reversed.

Order, so far as appealed from, reversed, with $10 costs. All concur.